IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RITA MILLER, n/k/a RITA MILLER CAPOUN, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-05-328 |
| GIBRALTAR SAVINGS ASSOCIATION, FIRST NATIONWIDE MORTGAGE CORPORATION, AND CITIMORTGAGE, INC., | § § § § § § | |
| Defendants. | § § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

This case comes before the Court on removal from the 405th District Court of Galveston County, Texas. Now before the Court is Plaintiff's Motion to Remand. For the following reasons, Plaintiff's Motion is **GRANTED**.

**I. Background**

This case arises out of a contract for deed executed in 1974. Rita Miller Capoun ("Plaintiff") alleges that she paid the debt in full as of 1997, but that she never received the deed. She has asserted a variety of state statutory and common-law claims. She originally complained only of Gibraltar Savings Association, First Nationwide Mortgage Corporation, and Citimortgage, Inc., but she has since amended her Complaint to add seven more Defendants. Defendants First Nationwide Mortgage and Citimortgage (collectively, "Citimortgage") removed the case on June

3, 2005. Plaintiff now moves to remand, alleging a defect in the removal procedure as well as lack of subject matter jurisdiction.

**II. Legal Standard**

Absent an express provision to the contrary, a defendant may remove a state-court action to federal court only if the suit could have been filed originally in federal court. *See* 28 U.S.C. § 1441 (a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Because Plaintiff's claims arise under Texas law, diversity is the only possible basis for federal jurisdiction. The federal diversity jurisdiction statute provides the district courts with jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. *See* 28 U.S.C. § 1332(a). The jurisdictional statute has long been interpreted to mandate a rule of "complete diversity," meaning that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)). Generally, the plaintiff's complaint must allege facts showing that complete diversity exists. *See, e.g.*, *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). If the federal district court does not have subject matter jurisdiction over the case, the court must remand the case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[1]

---

[1] An order remanding a case to state court for lack of subject matter jurisdiction is not reviewable on appeal. 28 U.S.C. § 1447 (d).

Remand is also proper if the removing party has failed to comply with the requirements of 28 U.S.C. § 1446. The objecting party must file a motion to remand within 30 days after the filing of the notice of removal; otherwise, objections to the removal procedure are waived. *See* 28 U.S.C. § 1447(c).

### III. Analysis

#### A. *Procedural Defect*

Plaintiff asserts that the case should be remanded because Citimortgage failed to obtain the consent of Defendant Gibraltar Savings Association ("GSA") to the removal. *See* 28 U.S.C. § 1446(a); *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002). Citimortgage argues that because GSA had not been served at the time of removal, its consent was not required. If a defendant has not been served, that defendant cannot possibly join in the notice of removal. *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992). A copy of the citation was mailed to GSA on June 3, 2005, the date of removal, and the return of service was executed on June 14, 2005. Therefore, Citimortgage could not have obtained GSA's consent to a June 3 removal, and the Notice of Removal was not defective.

#### B. *Subject Matter Jurisdiction*

Citimortgage claims that diversity exists even though GSA was, at least at one time, a Texas-chartered savings and loan association because neither GSA nor any Texas-chartered Defendant added in Plaintiff's Amended Complaint still exists. However, it is not clear from any of the submissions what the current legal status of GSA is. Citimortgage has submitted a list from the Federal Deposit Insurance Corporation website showing an inactive date of December 31, 1988 for GSA. (Def.'s Ex. 1.) According to Tex. Fin. Code Ann. § 62.007(c) (Vernon 1998),

an incorporated savings and loan association "is a corporate body with perpetual existence unless terminated by law." An inactive corporation still has legal existence. *See, e.g., Harris v. Black Clawson Co.*, 961 F.2d 547 (5th Cir. 1992). Citimortgage has also submitted another electronic document from the FDIC stating that GSA merged with First Nationwide Bank, FSB. (Def.'s Ex. 2.) This document alone, though, does not dispose of the question of GSA's current legal status. Whether a merger destroys the separate citizenship of the companies depends on the nature of the merger. *See, e.g., Exxon Corp. v. Duval County Ranch Co.*, 406 F. Supp. 1367, 1369 (S.D. Tex. 1975). Citimortgage also refers to GSA as a "dissolved" savings and loan, although it offers no evidence of this. Even a dissolved corporation may have the right to sue and be sued under state law. *See Vincent v. DeMaria Porsche-Audi, Inc.*, 532 F. Supp. 1035, 1038 (S.D. Fla. 1982).

The burden is on the removing party to demonstrate that subject matter jurisdiction exists. *See Carson v. Dunham*, 121 U.S. 421, 425, 7 S. Ct. 1030, 1032, 30 L. Ed. 992 (1887). Citimortgage has failed to show that GSA is no longer a citizen of Texas for diversity purposes. Because Plaintiff is a citizen of Texas, this destroys diversity jurisdiction. Although the facts regarding jurisdiction are so murky that the Court cannot say with certainty that GSA *is* a citizen of Texas, remand is proper when the existence of subject matter jurisdiction is doubtful. *See Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[A]mbiguities are generally construed against removal . . . ."); *Torres v. S. Peru Copper Corp.*, 965 F. Supp. 895, 897 (S.D. Tex. 1995).

## IV. Conclusion

Although Citimortgage's Notice of Removal was not defective, the Court nonetheless **GRANTS** Plaintiff's Motion to Remand because the Court lacks subject matter jurisdiction. The

case is **REMANDED** to the 405th District Court of Galveston County, Texas. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 22nd day of July, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge